# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TERESA YATES ET AL.                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                     NO.: 17-00330-BAJ-EWD
DEPARTMENT OF CHILDREN
AND FAMILY SERVICES ET AL.

## ORDER

Before the Court is the **Motion for Ex Parte Temporary Restraining Order, Declaratory Judgment, Preliminary Injunction and Other Injunctive Relief (Doc. 7)** filed by Plaintiffs. Plaintiffs specifically seek a temporary restraining order enjoining (1) Defendant State of Louisiana Department of Children and Family Services to return Plaintiffs P.J. and S.J. immediately to the custody of their natural mother, Plaintiff Teresa Yates; (2) Defendants from participating in a pending state-court custody proceeding; (3) the presiding judge in the state-court custody proceeding from continuing to preside over that matter; and (4) the state court from appointing a specific attorney to represent Plaintiffs P.J. and S.J. in the state-court custody proceeding.

The Court must abstain from this case pursuant to the principles espoused by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal

plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). Although the *Younger* doctrine was established by the Supreme Court in reference to state criminal prosecutions, the *Younger* doctrine is "fully applicable to civil proceedings in which important state interests are involved." *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)). The Supreme Court has held that when a state is a party to a state-court civil proceeding and the subject matter of the state-court civil proceeding is "in aid of and closely related to criminal statutes," the *Younger* doctrine bars the federal courts from adjudicating the federal claims that relate to the state-court civil proceeding. *Id.* (quoting *Huffman*, 420 U.S. at 604).

The *Younger* doctrine nonetheless permits federal courts to intervene in state-court proceedings under "well-established circumstances": "where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Id.* at 424 (quoting *Huffman*, 420 U.S. at 611) (internal quotation marks omitted).

In this case, the State of Louisiana is a party to the state-court civil proceeding, which involves the determination of the custody of Plaintiffs P.J. and S.J., through the State of Louisiana Department of Children and Family Services, and Plaintiffs P.J. and S.J. were removed from the custody of their mother due to allegations of abuse – a subject matter that the Supreme Court has held "is . . . 'in aid of and closely

2

related to criminal statutes.'" *Id.* at 423 (quoting *Huffman*, 420 U.S. at 604) ("[T]emporary removal of a child in a child-abuse context is . . . 'in aid of and closely related to criminal statutes.'"). Moreover, Plaintiffs have not made a showing that the state-court proceeding "is motivated by a desire to harass or [has been] conducted in bad faith" other than alleging in a conclusory manner that the state-court proceeding is a "conspiracy," (*e.g.*, Doc. 7-1 at p. 4), and that Defendants have a "personal vendetta . . . to unlawfully and illegally regulate these proceedings," (*id.* at p. 20), and Plaintiffs are not challenging a state statute in the state-court civil proceeding. *Id.* at 424 (quoting *Huffman*, 420 U.S. at 611). The *Younger* doctrine therefore is applicable to this case, while neither of the "well-established" exceptions apply. *Id.* Thus, the Court is barred from adjudicating the claims in this matter.

Accordingly,

**IT IS ORDERED** that the **Motion for Ex Parte Temporary Restraining Order, Declaratory Judgment, Preliminary Injunction and Other Injunctive Relief (Doc. 7)** filed by Plaintiffs is **DENIED**.

**IT IS FURTHER ORDERED** that the **Complaint (Doc. 1)** in the above-captioned matter is **DISMISSED WITHOUT PREJUDICE** pursuant to the doctrine espoused by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971).

Baton Rouge, Louisiana, this 25th day of August, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**